COMULADA *v.* COMULADA

[No. 319, September Term, 1964.]

*Decided May 25, 1965.*

The cause was submitted to HORNEY, MARBURY, SYBERT, OPPENHEIMER and BARNES, JJ.

Submitted on brief by *Stedman Prescott, Jr.,* for the appellant.

Submitted on brief by *William A. Ehrmantraut, Edward C. Donahue* and *John J. Mitchell* for the appellee.

PER CURIAM.

This is an appeal from a decree of Judge Pugh, sitting in the Montgomery County Circuit Court, awarding the appellant alimony. The appellant contends that the Chancellor was clearly wrong in not making a higher award.

In a previous appeal by these parties, we reversed a decree holding that the appellant was not entitled to alimony and remanded the case for further proceedings. *Comulada v. Comulada,* 234 Md. 287, 199 A. 2d 197 (1964). In the former proceedings, the present appellant, Mrs. Comulada, was awarded custody of the two minor children, and Mr. Comulada was ordered to pay $175 per month for the support of each child. On remand, Mrs. Comulada was awarded $150 per month alimony making the appellee's total support and alimony obligations to the appellant and the children $500 per month.

The evidence shows that Mr. Comulada is engaged in the private practice of dentistry with an annual net income of $13,014.58. His yearly obligations under the present awards would be $6,000. He is also supporting a child by a previous marriage. Mrs. Comulada is unemployed, remaining home to care for the minor children; however, in addition to the present awards, she and the children live in a $26,000 home purchased by the parties.

In *Williams v. Williams,* 238 Md. 636, we repeated the law applicable in such cases and affirmed the Chancellor's determination, because, from the evidence, we could not say it was clearly wrong.

Applying the standards set forth in *Williams* to the facts here presented, we are led to a like conclusion.

> *Decree affirmed; costs to be equally divided.*